IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

ANDREW J. WEIHERT,                                                                      (Chapter 7)

          Debtor.                                                                        Case No. 12-10893

PATRICIA A. JOHNSON and
DEL JOHNSON,
     and
PATRICIA A. JOHNSON, Special Administrator
of the Estate of ASHLEY A. JOHNSON, Deceased

          Plaintiffs,
v.                                                                                                        Adv. No. 12-105

ANDREW J. WEIHERT,

          Defendant.

MEMORANDUM DECISION

     Plaintiffs contest the bill of costs filed by the prevailing defendant in this adversary proceeding. *See Johnson v. Weihert (In re Weihert)*, 489 B.R. 558 (Bankr. W.D. Wis. 2013). At a preliminary hearing on April 22, 2013, the parties indicated that they had resolved all objections except as to expert witness fees in the amount of $3,250 for Milwaukee County Medical Examiner Brian L. Peterson, MD. That matter was taken under advisement.

     Plaintiffs argue that the fees are disallowed because the debtor failed to file a motion for payment within 14 days of entry of judgment as required by Federal Rule of Civil Procedure 54(d)(1). They also argue that the expert witness fees should be limited to the amounts set forth in 28 U.S.C. § 1821 because Dr. Peterson was not "court appointed," there is no contract

between the parties regarding witness fees, and the fees are not authorized by any other statute. The debtor argues that Federal Rule of Bankruptcy Procedure 7054 does not incorporate Civil Rule 54(d), and that Dr. Peterson's fees were authorized by Wisconsin Statutes §§ 59.36 and 59.38.

Bankruptcy Rule 7054(b) provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Fed. R. Bankr. P. 7054(b). As provided in 28 U.S.C. § 1920, witness fees may be taxed as costs. Section 1920 provides that a "judge or clerk of any court of the United States may tax as costs . . . (3) [f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920.[1] Standard witness fees are set forth in 28 U.S.C. § 1821. Section 1821 states, "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821.[2] In this case, both parties agree that if the debtor's taxable costs for Dr. Peterson are limited by § 1821, the relevant allowances would be the daily attendance fee and the travel allowance for mileage. *See* 28 U.S.C. § 1821(b), (c)(2).

The Supreme Court has considered Civil Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Petitioners in *Crawford* argued that "since § 1920 lists which expenses a court 'may' tax as costs, that section only authorizes taxation of certain items," and therefore "§ 1920 does not preclude taxation of costs above and beyond the items listed, and more particularly, amounts in excess of the § 1821(b) fee." *Id.* at 441. The Supreme Court disagreed:

---

[1] "Although the bankruptcy court is not a 'court of the United States' as defined in 28 U.S.C. § 451, bankruptcy judges are, by virtue of 28 U.S.C. § 151, a unit of the district court in each judicial district and by virtue of the reference provided for by 28 U.S.C. § 157(a), act as an adjunct of the district court in bankruptcy cases. Since the district court is a 'court of the United States,' bankruptcy judges and clerks of the bankruptcy court may tax costs pursuant to 28 U.S.C. § 1920." Collier on Bankruptcy ¶ 7054.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[2] The same reasoning that applies to § 1920 applies to § 1821 as well.

2

> We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses. This conclusion is all the more compelling when we consider that § 1920(6) allows the taxation, as a cost, of the compensation of court-appointed expert witnesses. There is no provision that sets a limit on the compensation for court-appointed expert witnesses in the way that § 1821(b) sets a limit for litigants' witnesses. It is therefore clear that when Congress meant to set a limit on fees, it knew how to do so. We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $30–per–day limit set out in § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.

*Crawford*, 482 U.S. at 442. The Supreme Court concluded that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford*, 482 U.S. at 439.

The Supreme Court's holding in *Crawford* controls in the bankruptcy context as well. *See, e.g., In re Griffin Trading Co.*, 424 B.R. 431, 433 (Bankr. N.D. Ill. 2010) (holding that an appeal bond was not a taxable cost because it was not listed in § 1920). "[T]he discretion written into Rule 54(d) and 7054(b) does not give courts the power to add to the list in § 1920, but 'is solely a power to decline to tax, as costs, the items enumerated in [the section].'" *Griffin Trading*, 424 B.R. at 433 (quoting *Crawford*, 482 U.S. at 442). While Bankruptcy Rule 7054(b) may allow the bankruptcy court even greater discretion to deny costs,[3] Bankruptcy Rule 7054(b) bears the same relationship to §§ 1920 and 1821 that Civil Rule 54(d) does. Both rules grant courts the authority to award costs. Nothing in the language of Bankruptcy Rule 7054(b)

---

[3] Civil Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party," while Bankruptcy Rule 7054(b) states that "[t]he [bankruptcy] court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." The language of Civil Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party on its face, while the language of Bankruptcy Rule 7054 gives more discretion to the bankruptcy court to deny costs. *But see Mungo v. Taylor*, 355 F.3d 969, 978-79 (7th Cir. 2004) (stating in dicta that the presumption in favor of awarding costs exists in bankruptcy court, but citing only cases that refer to Civil Rule 54(d) and failing to take account of the difference in language between the two provisions).

indicates that the bankruptcy court would have additional power to award costs beyond what is provided in § 1920. Therefore, under the reasoning of *Crawford*, when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a bankruptcy court is bound by the limits of § 1821(b), absent contract or explicit statutory authority to the contrary.

In this case, plaintiffs first object that the debtor did not file the proposed bill of costs within fourteen (14) days of the entry of judgment as required by Civil Rule 54(d). However, that requirement does not apply here. Although Bankruptcy Rule 7054 incorporates Civil Rule 54(a)-(c), it does not incorporate subsection (d). Under Bankruptcy Rule 7054(b), "[c]osts may be taxed by the clerk on 14 days' notice." There is no mention that the proposed bill of costs needs to be filed within 14 days of entry of judgment. Furthermore, even under Civil Rule 54(d), the rule for costs is the same. Fed. R. Civ. P. 54(d)(1). Only a motion for a claim of attorney's fees is required to be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i).

Plaintiffs next object that the expert witness fees for Dr. Peterson should be limited to the witness fees set forth in § 1821. There is no dispute that Dr. Peterson was not court appointed. There is also no contention that the parties had any sort of contractual arrangement that would provide for these fees to be taxed as costs. However, the debtor argues that Dr. Peterson's fees are statutorily approved, under Wisconsin Statutes §§ 59.36 and 59.38. Section 59.38 provides that "[t]he medical examiner and medical examiner's assistants shall collect for all services performed, except in cases where the county is solely liable, all fees that coroners are by law entitled to receive." Wis. Stat. § 59.38. Section 59.36 provides that "[t]he board shall set the fees for all services rendered by the coroner. The fees may not exceed an amount that is reasonably

4

related to the actual and necessary cost of providing the service." Wis. Stat. § 59.36. The debtor contends that Dr. Peterson's $500 hourly rate, which was set by the Milwaukee County Medical Examiner's Office budget and approved by the Milwaukee County Board of Supervisors, is statutorily authorized.

That rate setting is not the type of "statutory authorization" to which *Crawford* was referring. While these statutory provisions authorize Dr. Peterson's fees in the sense that they authorize how much he may charge for his services as a medical examiner, the Supreme Court in *Crawford* meant there must be statutory authorization for the fees *to be taxed as costs*. A number of federal statutes provide explicitly for the allowance of expert witness fees as costs in this way. *See* Walter R. Lancaster & Damian D. Capozzola, Expert Witnesses in Civil Trials: Payment of the Expert Witness § 7.7 (collecting statutes). For example, the National Historic Preservation Act provides that "[i]n any civil action brought in any United States district court by any interested person to enforce the provisions of this subchapter, if such person substantially prevails in such action, the court may award attorneys' fees, *expert witness fees*, and other costs of participating in such action, as the court deems reasonable." 16 U.S.C. § 470w-4 (emphasis added). As another example, the National Childhood Vaccine Injury Act provides that "[t]he court, in issuing any final order in any action under this section, may award costs of litigation (including reasonable attorney and *expert witness fees*) to any plaintiff who substantially prevails on one or more significant issues in the action." 42 U.S.C.A. § 300aa-31 (emphasis added).

Since the debtor has not identified any similar provision authorizing that Dr. Peterson's expert witness fees may be taxed as costs, under *Crawford*, the taxable witness fees for Dr. Peterson will be limited to the amounts listed in § 1821. The remainder of his fees will be subject to the "American Rule" and be borne by the party who employed him. Since the parties have

5

agreed that the relevant allowances under § 1821 are the daily attendance fee and the travel allowance, the debtor's award of costs for Dr. Peterson's witness fees is limited to $40 per day and $86.31 for mileage.

It may be so ordered.

Dated: May 31, 2013

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE